OPINION
On June 14, 1998, appellant Eugene Baker was charged with Driving With a Prohibited Breath Alcohol Level in violation of R.C.4511.19(A)(3). Appellant filed a motion to suppress the results of the breath alcohol test, alleging that he was arrested without probable cause to believe he committed a crime. The court overruled the motion following a hearing. Appellant thereafter pled no contest, and was convicted. He was sentenced to fifteen days incarceration, with twelve suspended. He was fined, and placed on probation for one year. He assigns a single error on appeal:
ASSIGNMENT OF ERRORS:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS WHERE THE DEFENDANT WAS ARRESTED FOR OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE EVEN THOUGH THERE WAS NO EVIDENCE OF IMPAIRED MOTOR COORDINATION.
Appellant argues that in the absence of some evidence of impaired motor coordination, the arresting officer lacked probable cause to place him under arrest for Driving Under the Influence of Alcohol. At the suppression hearing, Trooper Gary Wolfe, of the Ohio State Highway Patrol, testified that his attention was first drawn to appellant's vehicle because it did not have a light on the rear license plate as required by Ohio law. After observing the vehicle further, he noticed appellant cross the right side line by one and one-half to two feet while executing a turn. The trooper stopped appellant's vehicle. Upon approaching the window and speaking with appellant, he noticed a moderate odor of alcohol, slurred speech, and appellant's eyes appeared to be bloodshot and glassy. He asked appellant to step out of the vehicle for the purpose of administering field sobriety tests. He asked appellant to attempt to execute the walk-and-turn test, and the one-legged stand test; however, appellant told the officer he didn't feel he could perform these tests based on a medical condition with his hip and leg. Tr. 10. However, appellant did agree to participate in the Horizontal Gaze Nystagmus Test, and was cooperative. Upon administration of the test, the trooper received all six indicators of alcohol impairment. The trooper then placed appellant under arrest for Driving Under the Influence of Alcohol. The officer's observation of appellant's driving, his observation of appellant's physical condition following his stop of the vehicle, and the fact that he received all six indicators of impairment on the Horizontal Gaze Nystagmus Test, gave the officer probable cause to believe that appellant was operating the vehicle under the influence of alcohol. The Assignment of Error is overruled.
The judgment of the Ashland Municipal Court is affirmed.
By: Reader, V.J. Wise, P.J. and Edwards, J. concur.